IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| 3D MEDICAL IMAGING SYSTEMS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> VISUALIZATION SCIENCES GROUP, INC., and FEI COMPANY, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. __2:14-CV-00170__ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 3D MEDICAL IMAGING SYSTEMS, LLC. ("3D" or "Plaintiff")

files this Complaint for Patent Infringement and Demand for Jury Trial against

Defendants VISUALIZATION SCIENCES GROUP, INC. ("VSG"), and FEI

COMPANY ("FEI") (collectively, "Defendants"), and states as follows:

THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under

the laws of the State of Georgia, having its principal office in Braselton (Barrow

County), Georgia.

2.     Defendant VSG is a corporation organized and existing under the laws

of the State of Delaware, having a principal place of business at 15 New England

1

Executive Office Park, Burlington, MA  01803.  VSG may be served by and through its registered agent for service of process, CT Corporation System, 155 Federal Street, Suite 700, Boston, MA  02110.

3.     Defendant FEI is a corporation organized and existing under the laws of the State of Oregon, having a principal place of business at 5350 NE Dawson Creek Drive, Hillsboro, OR  97124.  FEI may be served by and through its registered agent for service of process, CT Corporation System, 155 Federal Street, Suite 700, Boston, MA  02110.

4.     Upon information and belief, VSG is wholly owned by FEI.

<u>JURISDICTION AND VENUE</u>

5.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.  As a result, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendants in this action pursuant to O.C.G.A. § 9-10-91 and federal law on the grounds that, upon information and belief, (i) Defendants transact business within the State of Georgia; (ii) Defendants have committed acts of patent infringement within or directed toward residents of the State of Georgia; (iii) Defendants' wrongful acts

have caused injury within the State of Georgia, and Defendants regularly do or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods sold, used or consumed or services rendered in this state; (iv) Defendants purposefully direct activities toward residents of the State of Georgia; (v) the causes of action set forth herein arise from or relate to Defendants' activities in or directed toward the State of Georgia; and/or (vi) the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

7.     More specifically, upon information and belief, Defendants, directly and/or through intermediaries, have shipped, distributed, offered for sale, sold, and/or advertised infringing products in the United States, the State of Georgia, and the Northern District of Georgia, either directly or indirectly.

8.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

FACTUAL BACKGROUND

9.     Plaintiff is the owner by assignment of all right, title and interest in and to United States Patent Number 6,175,655, entitled "Medical Imaging System for Displaying, Manipulating and Analyzing Three-Dimensional Images" ("the

'655 Patent"), including the right to sue for all past, present, and future

infringement.

10.    The application that became the '655 Patent was filed on September

19, 1996, which claimed priority to a provisional application filed on September

20, 1995.

11.    The '655 Patent issued on January 16, 2001, after full and fair

examination by the United States Patent Office.

12.    A true and correct copy of the '655 Patent is attached hereto as

Exhibit A.

13.    Claim 1 of the '655 Patent claims:

> 1.  A method for isolating anatomical structures contained within a three-dimensional data set, the method comprising the steps of:
>> forming a morphological skeleton of the three-dimensional data set;
>> selecting a single seed data point consisting of a single voxel within the morphological skeleton, the seed data point being contained within a desired anatomical structure; and
>> utilizing fuzzy connectivity to define additional data points of the desired anatomical structure to reconstruct substantially only the desired anatomical structure, wherein reconstruction of substantially only the desired anatomical structure facilitates viewing and analysis thereof.

14.    Claim 9 of the '655 Patent claims:

9.  A method for reconstructing an anatomical structure from a morphological skeleton comprising:

selecting a single seed data point consisting of a single voxel within the morphological skeleton, the seed data point being contained within the desired anatomical structure; and

utilizing fuzzy connectivity to define additional data points of the desired anatomical structure to reconstruct substantially only the desired anatomical structure, wherein the use of fuzzy connectivity results in reconstruction of substantially only the desired anatomical structure and substantially lacks surrounding tissue.

15.    The '655 Patent is valid and enforceable.

COUNT I – DIRECT PATENT INFRINGEMENT

16.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-15, above, as if set forth verbatim herein.

17.    Defendants have directly infringed at least independent claims 1 and 9 of the '655 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention, and defendants will continue to do so unless enjoined by this court. Defendants' infringing products include, without limitation, their Amira 3D

visualization and analysis software including, but not limited to, version 5.5 and other similar products incorporating the claimed invention.

18.    Defendants' infringing activities are and have been without authority or license under the '655 Patent.

19.    Defendants have had actual knowledge of the '655 patent since at least as early as the filing of this action.  Upon information and belief, Defendants have had actual knowledge of the '655 patent since it issued on or about January 16, 2001.

20.    Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

21.    Defendants' past and continuing infringement of the '655 Patent has irreparably harmed, and continues irreparably to harm, Plaintiff.

22.    Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.      An adjudication that one or more claims of the '655 patent have been

        infringed, either literally and/or under the doctrine of equivalents, by

        Defendants;

B.      A permanent injunction pursuant to 35 U.S.C. § 283, enjoining

        Defendant from further acts of infringement with respect to the claims

        of the '655 patent;

C.      An accounting and an award to Plaintiff of damages adequate to

        compensate Plaintiff for the Defendants' acts of infringement together

        with pre-judgment and post-judgment interest  and costs pursuant to

        35 U.S.C. § 284;

D.      That Defendants' infringement be found to be willful, and that the

        Court award enhanced damages pursuant to 35 U.S.C. § 284;

E.      That this Court declare this to be an exceptional case and award

        Plaintiff its reasonable attorneys' fees and expenses in accordance

        with 35 U.S.C. § 285; and

F.      Any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

This 29th day of July, 2014.

KENT LAW, P.C.

/s/*Daniel A. Kent*

Daniel A. Kent
Georgia Bar Number 415110
dan@kentiplit.com
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Tel:  (404) 585-4214
Fax:  (404) 829-2412

Counsel for Plaintiff